UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH S. CROOK,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1: 03-cv-6908-SMS<br><br>ORDER PERMITTING PLAINTIFF'S<br>COUNSEL TO SUBMIT FURTHER<br>DOCUMENTATION OF COSTS NO LATER<br>THAN TEN DAYS AFTER THE DATE OF<br>SERVICE OF THIS ORDER |

    Plaintiff is represented by counsel and proceeded with an action in which the Court reviewed a final decision of the Commissioner of Social Security (Commissioner) and, by judgment entered on January 21, 2005, ordered the matter remanded pursuant to sentence four of 42 U.S.C. §405(g) for further administrative proceedings. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment. The matter is currently before the Court on Plaintiff's motion for attorney's fees and costs, filed on February 15, 2005.

1

In connection with the motion, Plaintiff's counsel seeks $175.34 in costs, which are not disputed by Defendant. However, a party seeking costs has a general duty to provide the Court with sufficient documentation to justify the amounts sought; claims for items not properly documented will not be allowed. <u>English v. Colorado Dept. of Corrections</u>, 248 F.3d 1002, 1013 (10th Cir. 2001); <u>Collins v. Goreman</u> 96 F.3d 1057, 1058 (7th Cir. 1996). With respect to EAJA expense claims, it has been held that an applicant for reimbursement bears the burden to produce evidence to permit the court to determine what expenses were incurred in the litigation and their purpose. <u>United States v. Adkinson</u>, 256 F.Supp.2d 1297, 1319 (N.D.Fla 2003). Vouchers here would serve the purposes of showing that the expenses were incurred and the purpose of the expenditures.

Here, Plaintiff's counsel has neglected to submit a voucher or invoice indicating the source, nature, and amount of the claimed expenses. In the interest of the efficient administration of justice, Plaintiff's counsel will be given an opportunity to submit the vouchers or invoices within ten days, or the expenses will be disallowed. Thereafter, the Court's dispositive order on the motion will issue.

Accordingly, it IS ORDERED that within ten days from the date of service of this order, Plaintiff's counsel MAY SERVE AND FILE documentation of the costs and expenses claimed in the application for attorney's fees pending before the Court.

IT IS SO ORDERED.

**Dated:   April 28, 2005**           **/s/ Sandra M. Snyder**
icido3                    UNITED STATES MAGISTRATE JUDGE