1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH S. CROOK, | ) 1: 03-CV-6908-SMS |
| | ) |
|          Plaintiff, | ) ORDER GRANTING IN PART |
| | ) PLAINTIFF'S FOR ATTORNEY'S FEES |
| | ) (DOC. 25) |
|   v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
|         Defendant. | ) |
| | ) |
| _____ | ) |

18  Plaintiff is represented by counsel and proceeded with an

19 action in which the Court reviewed a final decision of the

20 Commissioner of Social Security (Commissioner) and, by judgment

21 entered on January 21, 2005, ordered the matter remanded pursuant

22 to sentence four of 42 U.S.C. §405(g) for further administrative

23 proceedings. Pursuant to 28 U.S.C. § 636(c)(1), the parties have

24 consented to the jurisdiction of the Magistrate Judge to conduct

25 all proceedings in this matter, including ordering the entry of

26 final judgment. The matter is currently before the Court on

27 Plaintiff's motion for attorney's fees and costs, filed on

28 February 15, 2005, along with a schedule of hours and costs and

1

declarations of Henry Reynolds and Brian Zeiden, Plaintiff's counsel. Defendant filed opposition on March 4, 2005, and a declaration of Geralyn A. Gulsuth. On March 11, 2005, Plaintiff filed a declaration. Pursuant to the Court's order of April 29, 2005, Plaintiff's counsel submitted on April 29 and May 2, 2005, supplemental documentation of costs and expenses.

I. <u>Background</u>

On January 21, 2005, the Court granted Plaintiff's complaint. The Court concluded that the ALJ erred in the following ways: in rejecting the extent or intensity of Plaintiff's subjective claims, the ALJ did not sufficiently identify either Plaintiff's subjective claims or the evidence relied upon to reject those claims; the ALJ failed to develop the record, consider, and make appropriate findings regarding Plaintiff's testimony and medical evidence of Plaintiff's rheumatoid arthritis, its severity and functional effects, if any, and its onset date; and the ALJ failed to consider, weigh, and articulate adequate findings regarding the Plaintiff's claims regarding side-effects of medication and urinary incontinence, and further failed to evaluate such matters in connection with Plaintiff's RFC. In addition, the ALJ was directed upon remand to develop the record as necessary to determine, as appropriate, the seriousness of Plaintiff's additional impairment of obesity, and its effect, if any, upon Plaintiff's RFC and his ability to perform work. The Court rejected Plaintiff's request that benefits be ordered by the Court because additional issues remained to be addressed, and it was not clear that an award of benefits to Plaintiff should result after the additional issues

were addressed on remand. Although Defendant conceded that the ALJ had erred, Defendant did not respond to all of Plaintiff's contentions and failed to brief some issues. Defendant disputed Plaintiff's contentions regarding his obesity and urinary incontinence, and Defendant failed to respond to Plaintiff's contention regarding side-effects of medication. The Court granted Plaintiff's alternative request of a detailed remand order specifying the errors and precisely defining the scope of remand.

In the motion before the Court, Plaintiff seeks $8,979.55 and costs in the amount of $175.34, for a total of $9,154.89.00.

Defendant does not challenge the hourly rate or multipliers,[1] but Defendant contends that the amount of fees sought is unreasonable.

II. Analysis

A. Attorney's Fees

Petitioner seeks fees pursuant to 28 U.S.C. § 2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

It appears that the motion was filed within thirty days of

---

[1] With respect to the rate, which counsel multiplied on the basis of pertinent consumer price indices, the Court finds that an increase in the cost of living justifies a higher fee pursuant to § 2412(d)(2)(A).

1  final judgment in the action and thus is timely pursuant to §
2  2412(d)(1)(B). Further, the petition is adequate on its face
3  because it meets the requirements of § 2412(d)(1)(B), which
4  requires in addition to timely presentation that the petition 1)
5  show a) that Plaintiff was the prevailing party, b) that
6  Plaintiff was eligible to receive an award under the subsection,
7  and c) the amount sought, including an itemized statement from
8  any attorney or expert witness representing or appearing on
9  behalf of the party stating the actual time expended and the rate
10 at which fees and other expenses were computed; and 2) allege
11 that the position of the United States was not substantially
12 justified.

13      Defendant states that it does not oppose an EAJA award. The
14 Court interprets this as a concession that Plaintiff was a
15 prevailing party and is eligible to receive an award. (Deft.'s
16 Opposition at 1.)

17      Further, Defendant does not allege or mount an argument that
18 its position was substantially justified. To show substantial
19 justification for conduct, the Commissioner has the burden of
20 establishing that the conduct had a reasonable basis both in law
21 and fact based on the record of both the underlying government
22 conduct at issue and the totality of circumstances present before
23 and during litigation. Sampson v. Chater, 103 F.3d 918, 921 (9th
24 Cir. 1996). A finding that an agency's position was substantially
25 justified when it was based on violations of the Constitution,
26 federal statute, or the agency's own regulations, constitutes an
27 abuse of discretion. Id. In this case, the Commissioner
28 disregarded substantial evidence of Plaintiff's impairments,

failed to develop the record, and made inadequate findings. The
Commissioner has not established a reasonable basis in fact or in
law with regard to that conduct. It is concluded that the United
States has not shown that its position was substantially
justified.

Further, the Court is aware of no evidence or circumstance
that would constitute special circumstances such that an award
would be unjust.

### 1. Overall Request

Fees awarded under the EAJA must be reasonable. <u>Perez-
Arellano v. Smith</u>, 279 F.3d 791, 793 (9th Cir. 2002).

Defendant cites the principle that a district court may
consider attorney fee awards in similar cases when evaluating the
reasonableness of a fee request. <u>Patterson v. Apfel</u>, 99 F.Supp.2d
1212, 1214-15 n. 2 (C.D.Cal. 2000). Defendant argues that the
amount of fees requested here is above the norm of 33.75 hours
spent by counsel in cases noted in <u>Patterson</u>, especially in light
of the routine nature of the case and the absence of oral
argument.

Defendant states the following:

> The Commissioner also notes that this case resulted
> in a remand for further agency proceedings, the very
> remedy the Commissioner requested. Counsel may argue that
> the scope of the Court's remand order was more broad
> than what the Commissioner proposed in her motion.
> However, after a case is remanded to SSA, a claimant
> may raise additional issues before the administrative
> law judge.

(Opp. at 3-4.) Defendant appears to be engaging in "results-

obtained" analysis[2] and implying that because the ultimate form

of remedy ordered by the Court was the same as that requested by

Defendant, Plaintiff's counsel's efforts were unjustified or

excessive. The Court notes that Plaintiff's opening brief

contained a procedural summary and a full statement of facts.[3] In

contrast to the relatively cavalier approach to briefing

exhibited by Defendant, Plaintiff's counsel briefed in detail

every contention raised, thoroughly arguing the law and the

facts. As the court in <u>Patterson</u> noted:

> Social security cases are fact-intensive and require
> a careful application of the law to the testimony and
> documentary evidence, which must be reviewed and
> discussed in considerable detail.

<u>Patterson</u>, 99 F.Supp.2d at 1213. Contrary to Defendant's implicit

assertion, it is not sufficient for a Court simply to point to

several "major issues" (Deft.'s Brief at 9), conclude that remand

is required, and then remand a case with no other directions than

definition of the problem areas and a vague indication that other

issues may be raised on remand. The record in this case was 505

pages long. This Court is required to analyze every contention of

error in detail according to the standard of review, and to

articulate the analysis and conclusions with respect to each

contention so that the nature and extent of any errors of the

agency are clear. The Court must remand a case with directions

that are sufficiently detailed so that the agency will apprehend

---

[2] The reference is to <u>Atkins v. Apfel</u>, 154 F.3d 986, 988-90 (9th Cir. 1998), where the Court clarified that the results obtained by counsel are to be considered in awarding attorney's fees pursuant to the EAJA in social security cases.

[3] This is to be contrasted with the three and one-quarter page summary of facts provided in Defendant's brief.

the errors and correct them in the remanded proceedings, and so that meaningful and intelligent appellate review is possible. In light of the circumstances of this case and the Court's obligations in determining the merits of social security cases, Defendant's blithe assertion that additional issues might be considered upon remand was decidedly unhelpful.

In light of the fact-intensive nature of social security cases and the variations in the facts present in each case, the fact that the fees requested in the present case are in excess of a normative amount formulated by another court at another time is not determinative or even particularly persuasive. The Court instead finds more useful the precise factors of comparison of this case with others that are noted by Defendant in its opposition.

Defendant notes that there was no oral argument in this case. The Court does not routinely set these cases for oral argument. However, other than as part of a very general comparison of this case with others, the Court does not see how the fact that there was no oral argument bears on the reasonableness of the services for which fees are claimed in the present case, in which Plaintiff's counsel does not claim time for oral argument.

Defendant states that a review of the EAJA stipulations in social security cases filed in the Eastern District would show that the Commissioner settles the vast majority of the EAJA requests. Defendant asks the Court to take judicial notice of the "amounts of other recent awards in Social Security cases filed in the Eastern District" pursuant to Fed. R. Evid. 201(b)(2). (Opp.

at 3.) Plaintiff does not object to this request. Although the Court may take judicial notice of various facts, it is not clear precisely what EAJA awards Defendant seeks the Court to notice. Defendant sets forth no data regarding the identity of the cases, the length or complexity of the records or legal analysis in any cases in the Eastern District, or the amounts of compensation. The Court declines Defendant's request to take judicial notice of the amounts of fee awards of unidentified cases.

Defendant may be asserting that because most fee requests are settled, and because the Commissioner did not settle this one, the amount requested must be excessive. Plaintiff does not dispute that many or most fee requests are settled. The Court is generally aware that many fee requests in the cases that have come before it have been settled. The Court appreciates the efforts of Defendant's counsel and the social security plaintiffs' bar in general to settle cases and fee issues; this process avoids the unnecessary use of scarce judicial resources and speeds the delivery of funds to plaintiffs' attorneys. In the present case, the declarations of Henry Reynolds and Geralyn A. Gulseth establish that when Gulseth requested an itemization of hours spent in support of the EAJA fee request, Reynolds did not provide one because he had several deadlines to meet at that time; he simply requested that she refer to the record to see how much time was required in the case. The Court finds that Defendant's counsel did not receive cooperation in the EAJA settlement process in this case, and the Court will consider this in connection with any request on the part of Plaintiff's counsel for fees for work done in connection with the EAJA motion.

However, the mere fact that Defendant did not find the fees
requested to be reasonable is not determinative of the
reasonableness of the fees sought in this case, a matter which
depends in the main upon the particular facts and circumstances
of the present case.

Defendant asserts that the present case was a routine
disability case apart from the issue of untimely filing of the
complaint. The fact that the issues were not novel is a relevant
factor and will be considered as a factor when the Court analyzes
the reasonableness of the fees requested in the analysis that
follows.

## 2. Specific Hours

In addition to arguing that the time spent was generally
unreasonable because of the routine nature of the case, Defendant
challenges specific portions of the fee request because they
relate to hours not properly billed to a client.

Plaintiff had other counsel at the hearing before the
administrative law judge (ALJ), but he filed the complaint in
this case in propria persona. Reynolds later substituted in as
counsel. The uncontradicted declaration of Gulseth establishes
that Defendant's counsel refused Plaintiff's counsel's request to
waive the issue of the timeliness of Plaintiff's complaint
because she concluded that the facts were not strong enough for a
waiver. Defendant raised untimeliness by filing a motion to
dismiss on March 3, 2004. Plaintiff's counsel reviewed the motion
and drafted opposition to it on March 6, 2004. Thereafter he
conferred with Defendant on the issue on March 23, 2004, and
presumably on that issue thereafter during the later part of

March. In April Reynolds telephoned, and corresponded by letter
with, the Appeals Council. On April 21, 2004, he reviewed the
Appeals council order to extend time; thereafter he conferred
with the Defendant. The motion to dismiss was withdrawn on April
30, 2004, after the agency granted Plaintiff an extension of time
to file the complaint.

Defendant objects to the three hours claimed by Reynolds for
preparing an opposition to the motion to dismiss that was never
filed with the Court. Defendant contends that counsel should have
corresponded with the Appeals Council, which has the authority to
extend the time for filing the complaint, before he drafted a
response to the motion to dismiss and billed for an opposition
that was never presented to the Court.

Although Reynolds claims that the opposition was necessary,
in view of the fact that counsel for Plaintiff never filed the
opposition to the motion, it does not appear that the three hours
claimed for drafting the opposition were necessarily expended. It
appears that there was merit to Plaintiff's counsel's position
that grounds for an extension existed. However, it does not
appear that Plaintiff's counsel was unable or prevented from
seeking an extension from the Appeals Council at the time the
opposition was drafted. Although Reynolds' supplemental
declaration shows that counsel asked for a waiver and was
refused, it does not address the more precise question of whether
drafting an opposition to the motion was reasonable at the point
it was undertaken. There is no indication of billing for any
communication regarding an extension of time from the Appeals
Council that might have occurred before the opposition was

drafted. Further, Reynolds' itemization is very general; there is no breakdown of the three hours that would permit the Court to allocate some to research or to other tasks that might have been put to use in seeking an extension from the Appeals Council. The Court will grant counsel's claim for an hour and a half for reviewing the motion to dismiss, and his other time devoted to communications and correspondence concerning the timeliness issue. However, on the basis of the record before the Court, the Court finds unreasonable the three hours claimed for drafting an opposition that apparently preceded any attempt to obtain an extension from the Appeals Council, and that was not filed with the Court.

Defendant objects to reimbursing Brian Zeiden, Reynolds' assistant, for two hours of reviewing the record after Reynolds sought reimbursement for three hours of review of the record. Defendant contends that this portion of the claim represents redundant tasks.

Approximately 370 pages of the administrative record related directly to Plaintiff's present claim. The other portions of the record concerned disability matters occurring before the comparison-point decision. Nevertheless, the Court cannot say that it was excessive for counsel to review the entire record in order to track medical improvement and to have a complete view of the present controversy. Five hours to review a record of 505 pages, some of which was handwritten copy, is not excessive. This is particularly true where, as here, counsel did not represent Plaintiff during the administrative proceedings. Defendant has not established that the record review undertaken by the two

1  attorneys was duplicative. Accordingly, the Court concludes that

2  the claim for five hours of record review was not excessive.

3      Defendant likewise objects to Plaintiff's claiming five

4  hours for Reynolds to edit the opening brief, when Zeiden also

5  claimed sixteen and one-half hours for drafting the brief and

6  one-half hour for legal research in connection with the brief.

7  Defendant asserts that this constitutes "double-billing" for

8  essentially the same task of preparing the brief. Defendant cites

9  to Baker v. Bowen, 707 F.Supp. 481, 486 (D. Wyoming 1989), in

10  which the court disallowed a claim for four hours of proofreading

11  a twenty-nine page brief because proofreading is a clerical

12  function.

13      The Court does not understand editing and proofreading to be

14  precisely the same functions. Although the latter is clearly

15  clerical, editing is reasonably interpreted as including

16  decisions not simply about conformity with the rules of grammar

17  and other pertinent formal matters, but also regarding what

18  should be included, what should be excluded, what authorities

19  should be cited, and how matters should be stated. See Webster's

20  Random House College Dictionary at p. 425 (1991). It is not

21  necessarily a clerical task. Further, the collaboration of the

22  two attorneys in this case does not appear to differ from the

23  sort of cooperation typically engaged in within multi-attorney

24  offices or operations in which one attorney assists another.

25  There is no clear indication that the two attorneys engaged in

26  duplicative tasks.

27      The claim by Reynolds and Zeiden together for preparation of

28  the brief totals twenty-two hours. As previously noted, the brief

12

1  was thorough with respect to procedural and factual summaries.

2  The analysis portion of the brief raised six issues, half of

3  which included multiple sub-parts. Although the issues were not

4  novel, the argument, which was focused and factually developed,

5  was based on a number of distinct fact patterns. The Court

6  concludes that the hours claimed for the opening brief were

7  reasonable.

8      Defendant contends that five hours for preparing a brief,

9  straightforward EAJA petition was excessive. The Court notes that

10 counsel claimed two additional hours for reviewing Defendant's

11 EAJA response and drafting a responsive declaration.[4] Thus,

12 Plaintiff's counsel is claiming seven hours for the preparation

13 of a straightforward application. The memorandum of law in

14 support of the petition was short (nine pages, each page

15 containing only twenty or less lines of text), contained only two

16 or three paragraphs that related to the specific facts of the

17 case, and appeared to be largely boilerplate. Likewise, the

18 declaration of counsel submitted in support of the application

19 was general. The schedule of hours and costs was four pages long

20 but was only a very general description of hours that presumably

21 was already recorded in records kept by counsel in the ordinary

22 course of business. Defendant's opposition was only five and one-

23 half pages, and the declaration of Defendant's counsel only a

24 page. The supplemental responsive declaration drafted by

25 Plaintiff's counsel was twelve lines long. No responsive

26 memorandum was prepared.

27 _____

28      [4]Plaintiff's counsel gave notice in this initial application that he would be seeking to supplement his claim if he found a reply brief necessary.

In view of the form and contents of the application and
response, the Court concludes that four hours was a reasonable
amount of time for the preparation of the initial application,
review of the opposition, and preparation of a supplemental
declaration. The additional three hours claimed were
unreasonable.

Accordingly, the Court will reduce counsel's claim of 56.8
hours by six hours expended in 2004 and 2005, finding reasonable
a total of 50.8 hours of attorney time.

### 3. Computation

The Court has found that an augmentation of the hourly rate
is appropriate. As expressed in this circuit, the formula to be
used to augment the maximum hourly rate stated in the statute is
to take the statutory cap of $125.00 per hour and multiply it by
the CPI for the year in which the fees were earned, and then to
divide the product by the CPI on the date that the cap was
imposed by Congress, which in this case is March 1996, the time
of the most recent statutory amendment. Russell v. Sullivan, 930
F.2d 1443, (9th Cir. 1991), as clarified in Sorenson v. Mink, 239
F.3d 1140, 1148-49 (9th Cir. 2001).

Applying this formula, for services rendered in 2003, the
the Court multiplies $125.00 by the CPI Annual, West Urban, size
A for 2003, or 191.2, resulting in a product of $23900, which,
when divided by the CPI in 1996 of 157.7, equals $151.55.
Multiplying $151.55 by 2.9, the number of hours expended in 2003,
equals when rounded $439.50. For attorney hours expended in 2004,
the Court multiplies $125.00 by the CPI Annual, West Urban, size
A for 2004, or 195.4, resulting in a product of $24425, which,

14

1  when divided by the 1996 CPI of 157.7, equals $154.88.

2  Multiplying $154.88 by 43.6 (the total hours expended in 2004

3  less the three expended on the opposition to the motion), equals

4  when rounded $6,752.77. For attorney hours expended in 2005, the

5  Court multiplies $125.00 by the CPI, West Urban, Size A for 2004[5]

6  of 195.4, resulting in a product of $24425, which, when divided

7  by the 1996 CPI of 157.7, equals $154.88. Multiplying $154.88 by

8  4.3 (the total hours expended in 2005 reduced by three hours),

9  equals $665.98.

10      The total amount of attorney's fees awarded is $7,858.25.

11          B. Costs

12      Title 28 § 2412(a)(1) provides in pertinent part:

13      Except as otherwise specifically provided by statute,
        a judgment for costs, as enumerated in section 1920 of
14      this title, but not including the fees and expenses of
        attorneys, may be awarded to the prevailing party in any
15      civil action brought by or against the United States or
        any agency or any official of the United States acting
16      in his or her official capacity in any court having
        jurisdiction of such action. A judgment for costs when
17      taxed against the United States shall, in an amount
        established by statute, court rule, or order, be
18      limited to reimbursing in whole or in part the
        prevailing party for the costs incurred by such party
19      in the litigation.

20      Section 2412(b) states:

21          Unless expressly prohibited by statute, a court
        may award reasonable fees and expenses of attorneys, in
22      addition to the costs which may be awarded pursuant to
        subsection (a), to the prevailing party in any civil
23      action brought by or against the United States or any
        agency or any official of the United States acting in
24      his or her official capacity in any court having

25

26      [5] No annual figure for 2005 has been provided to the Court. The Court takes judicial notice of the West
        Urban all items CPI for each month of January through March 2005, and notes further that it has increased. Because
27      Plaintiff's counsel has calculated on the basis of 2004, and because no annualized, averaged CPI figure for 2005 has
        been made available, and further in light of Defendant's failure to object, the Court will exercise its discretion to find
28      the 2004 figure as an appropriate modifier and will calculate the 2005 fees on the basis of the 2004 CPI, as requested
        by counsel.

1  jurisdiction of such action. The United States shall be
   liable for such fees and expenses to the same extent
2  that any other party would be liable under the common
   law or under the terms of any statute which
3  specifically provides for such an award.

4      It is established that the cost of items such as telephone

5  calls, postage, and air courier and attorney travel expenses,

6  which are ordinarily billed to a client, are permitted pursuant

7  to § 2412(d)(2)(A) despite not being listed in § 2412(a).

8  International Woodworkers of America, AFL-CIO v. Donovan, 792

9  F.2d 762, 767 (9th Cir. 1986); Poole v. Rourke, 779 F.Supp. 1546,

10 1572-73 (E.D.Cal. 1991) (permitting recovery under the EAJA of

11 photocopy charges, long distance telephone charges, travel

12 expenses, and postage and shipping charges constituting costs

13 typically billed to a client).

14     Plaintiff seeks $175.34 in costs, which are not disputed by

15 Defendant. Plaintiff's counsel submitted invoices from One Legal,

16 Inc., covering service and photocopy costs. Documentation in the

17 Court's file indicates that minor expenses for postal service

18 expenses were made. Accordingly, the Court approves costs as

19 claimed in the amount of $175.34.

20                          DISPOSITION

21     Accordingly, the Court GRANTS Plaintiff's application in
   part and APPROVES an award of $7,858.25 as attorney's fees and
22 costs in the amount of $175.34, for a total award of $8,033.59.
        IT IS SO ORDERED.
23
   Dated:   May 16, 2005            /s/ Sandra M. Snyder
24 icido3                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28